KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CRIM. CASE NO.   07CR3400-JAH |
|---|---|---|
|  | ) |  |
|  | ) | DATE:    April 7, 2008 |
| Plaintiff, | ) | TIME:    8:30 a.m. |
|  | ) |  |
|  | ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO: |
| v. | ) |  |
|  | ) | (1) DISMISS THE INDICTMENT DUE TO FAILURE TO ALLEGE ESSENTIAL ELEMENTS OF THE OFFENSE; |
| DAVID LOPEZ-MIRALES, | ) |  |
| aka Martin Gonzalez-Sanchez | ) | (2) DISMISS THE INDICTMENT BECAUSE THE CHARGING STATUTE IS UNCONSTITUTIONAL; |
|  | ) |  |
| Defendant. | ) | (3) SUPPRESS STATEMENTS; AND |
|  | ) | (4) GRANT LEAVE TO FILE FURTHER MOTIONS |
| _____ | ) |  |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's above-referenced Motions. This Response is based upon the files and records of this case.

**I**

**STATEMENT OF THE CASE**

On December 19, 2007, a federal grand jury in the Southern District of California returned a an Indictment charging David Lopez-Mirales, also known as Martin Gonzalez-Sanchez ("Defendant") with Deported Alien Found In the United States, in violation of Title 8, United States Code, Section

1326. The Indictment further alleged that Defendant had been removed from the United States subsequent to March 15, 2004.

## II

## STATEMENT OF FACTS

### A. THE INSTANT OFFENSE

On August 10, 2007, at approximately 1:00 p.m., United States Border Patrol Agent Jake Schneeberger responded to a seismic intrusion device in an area known as "Big Cedar Canyon." This area is approximately 5 miles east of the Otay Mesa, California Port of Entry and 3 miles north of the United States/Mexico international border. After hiking down to the bottom of the canyon (which took approximately one hour), Agent Schneeberger noticed several footprints. Agent Schneeberger followed the footprints and twenty minutes later, he found four individuals hiding in a bush. Agent Molly Rasmussen stayed with these four individuals while Agent Schneeberger continued to search the canyon. Approximately thirty yards away, Agent Schneeberger observed a person's foot in a dense brush. When he approached the brush, he observed three males hiding in the brush.

A field interview was conducted on all seven individuals. All individuals, including Defendant, admitted that they were citizens and nationals of Mexico without any legal documentation to enter or remain in the United States.

Defendant was arrested and transported to the Brown Field Border Patrol Station for processing, where his fingerprints were entered into record check systems. Defendant's identity was confirmed, along with his criminal and immigration histories.

At approximately 8:01 p.m., Defendant was advised of his <u>Miranda</u> rights and invoked his right to remain silent.

### B. DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on or about May 17, 1990. Based on that order, Defendant was physically removed from the United States on May 18, 1990, through the Otay Mesa, California Port of Entry. Defendant was also removed from the United States on November 9, 2005.

# III

# **ARGUMENT**

### A. DEFENDANT'S MOTION TO DISMISS THE INDICTMENT SHOULD BE DENIED

Defendant argues that the Indictment should be dismissed for three reasons: (1) the Indictment fails to allege the elements of knowledge and voluntariness; (2) the Indictment fails to allege Defendant's failure to undergo inspection and admission; and (3) the Indictment fails to allege a specific, post-conviction date of removal. Defendant's arguments lack merit and his motion to dismiss should be denied.

#### 1. The Indictment Need Not Allege that Defendant Knew He Was In the United States or That He Voluntarily Entered the United States

Defendant contends that the Court should dismiss the indictment for failure to allege that he knew he was in the United States and that he voluntarily entered the United States. This argument has been rejected by the Ninth Circuit in United States v. Rivera-Sillas, 417 F.3d 1014 (9th Cir. 2005).

A "found in" offense under 8 U.S.C. § 1326 is a general intent crime. Id. at 1020. An indictment that alleges that the defendant is "a deported alien subsequently found in the United States without permission suffices [to allege general intent].'" Id. (citations omitted).

Defendant's motion to dismiss should be denied.

#### 2. The Indictment Need Not Allege that Defendant Failed to Undergo Inspection and Admission

Defendant claims that the indictment is also "deficient for failure to allege inspection and admission by an immigration officer at the nearest inspection point." The Ninth Circuit also foreclosed this argument in Rivera-Sillas, 417 F.3d at 1019-20. The Rivera-Sillas court specifically held that the Government was not required to charge all the elements of entry. Id. at 1020. The Government need not plead and prove entry in order to charge or convict an alien with a § 1326 'found in' crime. Id. Consequently, this motion should also fail.

3.  **The Indictment Alleges that Defendant Was Removed On A Date Subsequent to His Conviction**

Lastly, the Indictment alleges facts sufficient to charge a violation under 8 U.S.C. § 1326 and to subject Defendant to an increased sentence under § 1326(b). Defendant mistakenly claims that United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir. 2007) supports his motion to dismiss. However, in Salazar-Lopez, the Ninth Circuit made clear that the language in the instant Indictment was sufficient to expose Defendant to the increased penalties under § 1326(b). See Salazar-Lopez, 506 F.3d at 752.

The indictment in Salazar-Lopez charged the defendant with one count of being a previously removed alien found in the United States. Id. at 750. However, the indictment did not allege that the Salazar-Lopez had been previously removed subsequent to a felony conviction, nor did it allege a specific date for Salazar-Lopez's prior removal. Id. A jury subsequently convicted Salazar-Lopez and at sentencing, the he argued that he was only subject to the penalties under 8 U.S.C. § 1326(a). Id. The district court disagreed and sentenced Salazar-Lopez to 21 months custody. Id.

Although the Ninth Circuit affirmed Salazar-Lopez's 21-months sentence, it held that the indictment should have alleged the date of the removal, <u>or at least the fact that Salazar-Lopez had been removed after his conviction.</u>[1] Id. at 752 (emphasis added). In so holding, the Ninth Circuit reiterated "any fact <u>other than a prior conviction</u> that increases the maximum penalty for a federal crime must also be charged in an indictment." Id. (emphasis added); citing United States v. Jordan, 291 F.3d 1091, 1095 (9th Cir. 2002) and United States v. Buckland, 289 F.3d 558, (9th Cir. 2002).

Here, in contrast to Salazar-Lopez, the Indictment alleges that the defendant was "removed from the United States subsequent to March 15, 2004." Defendant suffered several convictions, with the last conviction occurring on March 15, 2004. Thus, under Salazar-Lopez, Defendant's motion to dismiss should be denied. Furthermore, if convicted, Defendant would be subject to the penalties under § 1326(b).

---

[1] Ultimately, the Ninth Circuit held that the indictment error was harmless error as the record established that Sanchez-Lopez was removed after sustaining a prior conviction. Id. at 755.

**B.     THE CHARGING STATUTE IS CONSTITUTIONAL**

Defendant argues that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) renders § 1326 unconstitutional. This argument was squarely addressed and rejected in a number of recent cases, including United States v. Covian-Sandoval, 462 F.3d 1090 (9th Cir. 2006):

> Covian argues that the Supreme Court has effectively overruled Almendarez-Torres, and, relatedly, that recent Supreme Court decisions create constitutional doubt that should compel us to limit the holding of Almendarez-Torres to cases in which the defendant admits the prior conviction during a guilty plea. Covian also argues that Apprendi renders unconstitutional the provisions of § 1326 that allow a judge to increase the maximum sentence from two years to twenty. All of these arguments, however, are squarely foreclosed by our precedents . . . . We therefore must reject Covian's contention that the district court could not enhance his sentence based on its own finding of the fact of a prior felony conviction.

Covian-Sandoval, 462 F.3d at 1096-97 (citations and footnote omitted). See also Martinez-Rodriguez, 472 F.3d 1087, 1093 (9th Cir. 2007); United States v. Beng-Salazar, 452 F.3d 1088, 1091 (9th Cir. 2006); United States v. Diaz-Argueta, 447 F.3d 1167, 1170 (9th Cir. 2006); and United States v. Rodriguez-Lara, 421 F.3d 932, 949-50 (9th Cir. 2005).

Defendant acknowledges that his argument is foreclosed by current Ninth Circuit precedent and raises the argument for "purposes of further appellate review." See Defendant's Motion at 3. Defendant's arguments were recently characterized as follows in United States v. Pineda-Arrellano, 492 F.3d 624 (5th Cir. 2007):

> Pineda makes the familiar contention that Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was incorrectly decided and that a majority of the Supreme Court would overrule it in light of the subsequent decision in Apprendi. . . . Pineda properly concedes that his argument is foreclosed by Almendarez-Torres and circuit precedent, but he nevertheless raised it as his sole appellate issue to preserve it for Supreme Court review.
> . . . .
> [F]ew issues have less merit for a defendant than the potential overruling of Almendarez-Torres . . . .

492 F.3d at 625-26.

> No matter what the underlying rationale may have been for challenging Almendarez-Torres "to preserve the issue for further review," it is time to admit that the Supreme Court has spoken. In the future, barring new developments in Supreme Court jurisprudence, arguments seeking reconsideration of Almendarez-Torres will be viewed with skepticism, much like arguments challenging the constitutionality of the federal income tax.

492 F.3d at 626 (footnote omitted).

### C.  **DEFENDANT'S FIELD STATEMENTS ARE ADMISSIBLE**

Defendant moves to suppress his field statements by arguing that the statements were obtained in violation of Miranda and that the statements were involuntary. As shown below, Defendant's motion should be denied.

Statements made in response to interrogation while a suspect is in custody may be inadmissible if made absent Miranda warnings. "A defendant is in custody when, based upon review of all pertinent facts, a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave." United States v. Wauneka, 770 F.2d 1434, 1438 (9th Cir. 1985). Specifically, courts must determine "whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." Stansbury v. California, 511 U.S. 318, 322 (1994) (per curium). If a person is merely subjected to a brief investigatory detention, he or she is not entitled to Miranda warnings. See, e.g., United States v. Casimiro-Benitez, 533 F.2d 1121, 1124 (9th Cir. 1976) (questions regarding alienage are permissible as general on the scene inquiries where defendant is suspected of illegal entry).

Additionally, where agents apprehend a significant number of suspects and question them in public regarding their alienage and citizenship prior to arrest, this is not a custodial interrogation under Miranda. United States v. Galindo-Gallegos, 244 F.3d 728, 732 (9th Cir. 2001). In Galindo-Gallegos, two agents chased and detained 15 to 20 people suspected of illegal entry in a rural area near the border. Id. at 729. Prior to Miranda warnings, agents asked the suspects what country they were from and whether they had a legal right to be in the United States. Id. The Ninth Circuit held there was no custodial interrogation because the number of witnesses, and the fact that the questioning took place in public, eliminated any risk of misconduct on the part of the agents to overcome the suspects' will. Id. at 732.

Similarly, in United States v. Cervantes-Flores, 421 F.3d 825, 828, 830 (9th Cir. 2005), a Border Patrol agent observed the defendant walking along the side of a highway known to be a smuggling route approximately 40 miles north of the United States/Mexico border. When it appeared

1  that the defendant observed the marked Border Patrol vehicle, he fled. Id. at 828. The agent jumped
2  from his vehicle and chased the defendant into the desert for approximately three-quarters of a mile.
3  Id. Upon catching up with him, the agent subdued and handcuffed the defendant. Id. Without giving
4  any Miranda warnings, the agent asked the defendant his citizenship, whether he had immigration
5  documents allowing him to be in the United States, and how he crossed the border. Id. The defendant
6  admitted he was a citizen of Mexico, lacked permission to be in the United States, and had entered
7  illegally. The Ninth Circuit affirmed the district court's decision to admit the defendant's field
8  statements. Id. at 830. The Ninth Circuit held that since the agent had reasonable suspicion to make
9  a Terry stop, the agent could ask the defendant about his place of birth, his citizenship, whether he had
10 permission to be in the United States and how he had crossed into the United States. Id. These
11 questions were reasonably limited in scope to determining whether the defendant had crossed the
12 border illegally. Id.

13 Here, as in the cases discussed above, there was no custodial interrogation requiring Miranda
14 warnings. Agent Schneeberger found Defendant approximately 3 miles north of the international
15 border. Defendant was contacted in a public place and was surrounded by at least 6 other individuals.
16 As in Galindo-Gallegos and Cervantes-Flores, Agent Schneeberger was investigating the illegal entry
17 of suspects near the border and merely questioned Defendant as to his immigration status. Inquiry into
18 Defendant's citizenship and legal status are considered investigatory questions. See United States v.
19 Cervantes-Flores, 421 F.3d at 830. The investigatory stop did not rise to the level of a custodial
20 interrogation necessitating Miranda warnings. Id.

21 Moreover, Defendant was questioned as to his legal status and was not coerced to provide an
22 answer to his questions. Indeed, Defendant makes no specific allegation of any coercive conduct on
23 the part of the agent who obtained Defendant's field statements. Therefore, Defendant's motion to
24 suppress his field statements should be denied.

25 **D.     Motion for Leave to File Further Motions**

26 The Government opposes this request unless the motion is based upon newly discovered
27 evidence not available to Defendant at the time of the motion hearing.

28

# IV
# **CONCLUSION**

For the foregoing reasons, the United States requests that Defendant's Motions be denied where opposed.

DATED: March 31, 2008

                                                      Respectfully Submitted,

                                                      KAREN P. HEWITT  
                                                    United States Attorney

                                                    /s/ Luella M. Caldito

                                                    LUELLA M. CALDITO  
                                                    Assistant U.S. Attorney  
                                                    Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3400-JAH |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| DAVID LOPEZ-MIRALES, | ) | |
| aka Martin Gonzalez-Sanchez, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of:

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO:
(1)   DISMISS THE INDICTMENT DUE TO FAILURE TO ALLEGE ESSENTIAL ELEMENTS OF THE OFFENSE;
(2)   DISMISS THE INDICTMENT BECAUSE THE CHARGING STATUTE IS UNCONSTITUTIONAL;
(3)   SUPPRESS STATEMENTS; AND
(4)   GRANT LEAVE TO FILE FURTHER MOTIONS

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Jennifer Coon, Esq., Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case: None.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2008.

/s/ Luella M. Caldito
LUELLA M. CALDITO